```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


W. WILSON GOODE, JR., et al.     :     CIVIL ACTION
                                 :
          v.                     :
                                 :
THE CITY OF PHILADELPHIA and     :
ROMULO L. DIAZ, in his official  :
capacity as City Solicitor of    :
the City of Philadelphia         :     NO. 07-cv-000901-JF


                     MEMORANDUM AND ORDER
```

Fullam, Sr. J.                                         June 20, 2007

In June 2005, the Philadelphia City Council enacted Ordinance Number 50453, which amended § 9-602 of the Philadelphia Municipal Code regulating "outdoor advertising signs" within the City. In November of that year, a group of outdoor advertising companies and free-speech advocates filed a lawsuit in this court, challenging the constitutionality of the ordinance. <u>Free Speech, LLC, CBS Outdoor Inc., Clear Channel Outdoor, Inc. & H.A. Steen Industries, Inc. v. The City of Philadelphia, et al.</u>, C.A. No. 05-6188 (assigned to my colleague The Honorable R. Barclay Surrick). Plaintiffs asserted that the City's regulation of outdoor advertising signs, as amended by that ordinance, was invalid for three reasons: (1) the annual fee for each such sign greatly exceeded the City's cost of administration and therefore constituted an unconstitutional burden on free speech; (2) the various categories of outdoor signs, as defined in the ordinance, made the fee requirements content-based and unconstitutional

restraints; and (3) various other aspects of the regulations also amounted to content-based restraints on constitutionally-protected speech.

The filing of that lawsuit apparently triggered a long-overdue review of the somewhat confused status of outdoor advertising signs in the City.  The lawsuit was eventually settled, in a comprehensive settlement agreement authorized and approved by the City Solicitor.  The settlement agreement established a current inventory of permitted signs, provided for the prompt removal of unlawful signs, and established a program for the gradual reduction of annual fees for such signs.  Another feature of the settlement agreement was that future disputes concerning the interpretation and application of the sign regulations would be resolved by a special master, acting as an arbitrator.

In the present case, five individual members of the City Council, acting in their official capacities, and certain civic associations, are suing the City of Philadelphia and the City Solicitor, challenging the validity of the settlement agreement which resolved the earlier litigation.  In essence, plaintiffs contend that the City Solicitor did not have the authority to bind the City to the settlement agreement, and that the settlement agreement purports to override or sidetrack the

City's zoning regulations and mechanisms.  The defendants have filed a motion to dismiss plaintiffs' complaint.

I have concluded that, as the defendants assert, none of the plaintiffs in this action has standing to pursue the lawsuit.  If the Philadelphia City Council disapproves of the actions of the City Solicitor in resolving the earlier litigation, that body could undoubtedly challenge the validity of the settlement agreement.  But individual members of City Council do not have standing to do so.  The limitations on legislator-standing have recently been authoritatively reiterated in <u>Ronald E. Russell v. Governor John P. DeJongh, Jr.</u>, ___ F.3d ___ (Appeal No. 07-1289, decided June 19, 2007).

None of the plaintiffs has alleged any injury-in-fact which might support an argument that they have standing in this case.  Their complaint asserts the following: "Count I - Usurpation of Legislative Powers"; Count II - "Deprivation of Access to the Courts"; Count III - "Deprivation of Right to Petition the Legislature"; Count IV - "Violation of Pennsylvania Sunshine Law"; and Count V - "Contract Zoning."  These assertions simply do not make sense.

It should also be noted that, even if any of the plaintiffs could properly be accorded standing, no federal claims of any sort can be discerned from their complaint.  This action will therefore be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
W. WILSON GOODE, JR., et al.     :     CIVIL ACTION
                                 :
          v.                     :
                                 :
THE CITY OF PHILADELPHIA and     :
ROMULO L. DIAZ, in his official  :
capacity as City Solicitor of    :
the City of Philadelphia         :     NO. 07-cv-000901-JF
```

ORDER

        AND NOW, this 20th day of June 2007, IT IS ORDERED:

        1.   Plaintiffs' "Motion for Leave to File Two-Page Sur-Reply in Opposition to Defendants' Motion to Dismiss" is GRANTED.

        2.   Defendants' "Motion to Dismiss Plaintiffs' Complaint" is GRANTED.

        3.   This action is DISMISSED with prejudice.

        BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.